**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN WALKER, | No. 12-15680 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-01551-PMP-GWF |
| v. | |
| BRIAN WILLIAMS and ATTORNEY GENERAL OF THE STATE OF NEVADA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Submitted April 15, 2013[**]
San Francisco, California

Before: SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

Nevada state prisoner Christian Walker appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition challenging his jury conviction for second-

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

degree murder with use of a deadly weapon.  The district court had jurisdiction under 28 U.S.C. §§ 1331 and 2254(a), and we have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).  Because the parties are familiar with the facts, we do not recount them here.  We affirm.

I

The Nevada Supreme Court did not unreasonably apply clearly established federal law when it concluded that Walker suffered no prejudice from the jury's exposure to inadmissible evidence.  28 U.S.C. § 2254(d) (providing standard).  In order to obtain habeas relief, a state prisoner must show that a trial error "had substantial and injurious effect or influence in determining the jury's verdict."  *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).  The jurors' exposure to the handwritten notations on the evidence bags did not have a "substantial and injurious effect" on their verdict.  The handwritten notations were acronyms; there is nothing in the record to indicate that the jurors were able to decipher the notations or considered them.  The notations, even if considered by the jury, provided only cumulative evidence.  The circumstantial evidence against Walker was overwhelming.  In sum, the potential exposure to the jury of the notations did not have such a "substantial and injurious effect" on the jury's verdict to warrant habeas relief.  *Sassounian v. Roe*, 230 F.3d 1097, 1109 (9th Cir. 2000).

-2-

## II

Walker claims that the prosecution deliberately elicited testimony from witnesses about his incarceration status. The Nevada Supreme Court did not unreasonably apply clearly established federal law or unreasonably determine the facts when it concluded that Walker suffered no prejudice from the prosecution's questioning. In two of the instances of alleged prosecutorial misconduct, the vague references to Walker's incarceration were offered spontaneously by the witnesses. In the other three instances of alleged prosecutorial misconduct, the prosecutors were simply attempting to establish whether the alibi witnesses had conferred with Walker to coordinate their accounts. Most importantly, none of the three alibi witnesses ever actually mentioned Walker's incarceration. In short, none of the questions or answers "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citation omitted).

**AFFIRMED.**